UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| WILLIAM ADOLF FRANCIS | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 1:15-0010 |
| | ] | Chief Judge Sharp |
| UNITED STATES OF AMERICA | ] | |
| Respondent. | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 against the United States, seeking to vacate, set aside or correct his sentence.

In May, 2012, an indictment was entered charging the petitioner with (1) distribution of child pornography, (2) receipt of child pornography, and (3) possession of child pornography. United States of America v. William Adolf Francis, Criminal No. 1:12-00006-1 (M.D. Tenn); Docket Entry No. 1).

Pursuant to a plea agreement, the petitioner pled guilty to the distribution of child pornography in exchange for the dismissal of the remaining charges and a sentence well below the applicable guideline range. *Id.* at Docket Entry No. 35. For this crime, he received a sentence of one hundred twenty (120) months in prison, to be followed by ten years of supervised release. *Id.* at Docket Entry No. 61, pgs. 6-7. There was no direct appeal of the conviction taken by the petitioner. Docket Entry No. 1 at pg. 1.

On February 19, 2015, the petitioner filed the instant § 2255 Motion (Docket Entry No. 1)

1

attacking the conviction. According to the Motion, the petitioner was denied his Sixth Amendment right to the effective assistance of counsel. More specifically, the petitioner alleges that counsel failed to adequately investigate the case before advising him to plead guilty. As a consequence, the guilty plea offered was neither knowingly nor voluntarily given by the petitioner.[1]

After examining petitioner's Motion, the Court found that it was not facially frivolous. Accordingly, by an order (Docket Entry No. 3) entered February 25, 2015, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are petitioner's § 2255 Motion and the government's Response (Docket Entry No. 31) to the Motion. Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007)(an evidentiary hearing is not required when the record conclusively shows that a habeas petitioner is not entitled to relief). Consequently, the Court shall dispose of the § 2255 Motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of showing that his attorney's performance was in some

---

[1] The Court originally appointed Dumaka Shabazz, an Assistant Federal Public Defender, to represent the petitioner. However, after the guilty plea had been accepted but prior to sentencing, Shabazz was allowed to withdraw. Criminal No. 1:12-00006-1; Docket Entry No. 46. He was replaced by another appointment, Jennifer Thompson, a member of the Davidson County Bar. In a description of his claim, the petitioner states that "she" did not adequately investigate the circumstances related to my case before advising me to plead guilty rather than go to trial. It appears, therefore, that the petitioner believes that Thompson, and not Shabazz, denied him the effective assistance of counsel.

2

way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Within the context of a guilty plea, prejudice is shown when there is a reasonable probability that, but for counsel's error, the petitioner would not have pled guilty and would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner's claim is based upon a series of letters from family members who describe petitioner's wife as someone with a fondness for pornography who had access to the petitioner's computer. The petitioner argues that, had counsel discovered this information, a defense could have been formulated and he would not have been forced to plead guilty.

After being read his Miranda rights, the petitioner gave a statement to the police. Docket Entry No. 31-2. In the statement, he told officers that his wife had access to his computer. Petitioner noted, however, that he downloaded a great deal of child pornography onto the computer and attempted to hide the fact from his wife.

In the Petition to Enter Plea of Guilty, the petitioner stated that "My lawyer has done all the investigation and research in this case that I have asked him to do, and has reviewed with me the discovery material provided by the Government. I am satisfied with his representation at this point." Criminal No. 1:12-0006-1; Docket Entry No. 35 at pg. 4. He continued by admitting his guilt to the charge. *Id.* at pg. 11. During sentencing, the petitioner was given an opportunity to address the Court. At that time, he again acknowledged his guilt. He did not, however, complain about counsel's representation. *Id.*; Docket Entry No. 61 at pgs. 4-5.

A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great measure of finality". Blackledge v. Allison, 431 U.S. 63, 71 (1977). Because courts must be able to rely on a defendant's statements during a plea colloquy, "allegations in a § 2255 motion that directly ontradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false'." United States v. McMaster, 403 F.3d 216, 221 (4th Cir. 2005).

At the very least, in light of the physical evidence of child pornography found on the petitioner's computer, his statement acknowledging that he downloaded this material, and a sentence well below the applicable guideline range, it does not appear that the petitioner can show prejudice sufficient to support a claim of ineffective assistance.

Therefore, having carefully considered the § 2255 Motion, the government's Response and the expanded record, the Court finds that the petitioner was not denied his right to the effective assistance of counsel. Petitioner's Motion lacks merit and will be denied.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge